**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Josefina M. BANAGA, Defendant—Appellant.**

**No. 06–10119.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2008.*

Filed Jan. 14, 2009.

Heiko P. Coppola, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Charles M. Bonneau, Jr., Esq., Sacramento, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM **

Josefina Banaga ("Banaga") appeals her jury conviction and sentence for health care fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1347 and 2. The parties are familiar with the facts of this case, and we repeat them only to the extent necessary to understand our disposition. This court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm Banaga's conviction, but vacate and remand for re-sentencing.

Banaga claims (1) that the prosecutor committed misconduct through several assertions in his closing argument and (2) that the district court erred in sentencing.

■ During closing argument, "[p]rosecutors have considerable leeway to strike 'hard blows' based on the evidence and all reasonable inferences from the evidence." *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir.2000). The evidence showed that the Explanations of Benefits forms were mailed to Banaga at the correct address. From this, it was not an unreasonable leap of logic to say she received them, read them, and knew about the billing irregularities reflected in them. Thus, we find no prosecutorial misconduct here, and certainly no plain error. *See United States v. Endicott*, 803 F.2d 506, 513 (9th Cir.1986).

■ In its sentencing decision, a district court must treat the Guidelines sentence as advisory and take into account all the 18 U.S.C. § 3553(a) factors. *See Gall v. United States*, — U.S. —, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007). In doing so, it "need not tick off each of the § 3553(a) factors" to show that it has considered them. *United States v. Carty*, 520 F.3d 984, 992, 995–96 (9th Cir.2008). However, though the district court's analysis did implicitly include many of the § 3553(a) factors, the court's own confession of error suggests that the inclusion may have been inadvertent and that the court was, in fact, treating the Guidelines sentence as presumptive, instead of interrogating the appropriateness of a Guidelines sentence in light of the § 3553(a) factors. We thus find that the court erred in its sentencing decision and remand so that the court may consider the Guidelines range and then proceed to "tailor a sentence to the individualized offense and offender characteristics . . . in consideration of the § 3553(a) factors." *Id.* at 994.

For these reasons, we AFFIRM the district court's judgment and uphold Banaga's conviction, but VACATE Banaga's sentence and REMAND for re-sentencing.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.